UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RACHEL CASSIEL WHEELER,

    Debtor.
_____/

Case No. 11-56761
Chapter 7
Hon. Walter Shapero

RACHEL CASSIEL WHEELER,

    Plaintiff,

v.

Adv. Pro. No. 11-05899

WELLS FARGO & CO., *et al*.,

    Defendants.
_____/

**OPINION DENYING MOTIONS TO DISQUALIFY AND RECUSE JUDGE WALTER SHAPERO (Chapter 7 Docket No. 62 and Adversarial Proceeding Docket No. 47)**

**INTRODUCTION**

In this matter, two related motions by this *pro se* debtor to disqualify and recuse the undersigned bankruptcy judge are brought; one filed in her chapter 7 bankruptcy and the other in the captioned adversary proceeding. With the debtor's express consent and for sake of judicial economy, one hearing on both motions was held on February 12, 2012. As is appropriate and absent any circumstances that would dictate otherwise, the undersigned heard these motions.[1] Due to the absence of any alleged personal bias or any extrajudicial conduct, both motions are denied.

---

[1] The presiding judge has the duty of adjudging whether his or her own disqualification is appropriate. Bradley v. Milliken, 426 F. Supp. 929, 931 (E.D. Mich. 1977); accord Cox v. Bast (In re Bast), 212 B.R. 499, 503 (Bankr. D. Md. 1997) ("In accordance with 28 U.S.C. § 455, a presiding judge has a duty to evaluate his own actions.").

# FACTS

This chapter 7 bankruptcy and the adversary proceeding have to this point engendered substantial litigation. Rachel Cassiel Wheeler ("Debtor") filed her bankruptcy on June 16, 2011, and received her discharge on October 6, 2011. Along the way, two motions for relief from stay and other proceedings gave way to a significant number of filings and ultimately the two motions for recusal now before the Court.

The Federal National Mortgage Association ("Fannie Mae") filed its motion for relief on June 20, 2011, in regard to the real property located at 16330 Edwards Avenue in Southfield, Michigan. It sought a lift of the automatic stay to enable it to proceed to evict Debtor from property occupied by Debtor (1) to which Fannie Mae supposedly acquired the rights at the foreclosure sale and (2) as to which Debtor's redemption rights allegedly expired. Debtor responded by filing an adversary proceeding, identifying as the defendants "Wells Fargo & Co. D/B/A Wachovia Mortgage Corporation (Wachovia), Wells Fargo & Co. D/B/A Wells Fargo Home Mortgage (WFHM), Wells Fargo & Co. D/B/A Wells Fargo Bank, N.A., Federal National Mortgage Association (FNMA), Mortgage Electronic Registration Systems (MERS)." (All defendants are represented by single counsel, and are hereafter identified collectively as "Mortgage Creditors.") Debtor asserts some eight different legal theories: "(1) Misrepresentation/Actual Fraud, (2) Non-disclosure, (3) Unconscionable Contract Terms (Adhesion), (4) Breach of Fiduciary Duties, (5) RICO Violations, (6) Default of Accepted Performance, (7) Fraudulent Foreclosure (Invalid Chain of Title), and (8) Fraudulent Conveyance." Due to the pendency of the adversary proceeding and the possible ramifications arising therefrom, the Court indefinitely adjourned the motion for relief from stay in the bankruptcy case.

2

That proceeding occasioned a number of pleadings, and within such, a myriad of allegations and arguments all of which resulted in the Court rendering one substantive order. It was dated November 8, 2011, and grants the Mortgage Creditors relief from a preceding text order that had denied their untimely motion for abstention, which had been filed but in the chapter 7 bankruptcy, instead of the adversary proceeding. As grounds for granting relief from the order, the Court stated,

> In this case, (a) there will be little, if any, prejudice to the Plaintiff; (b) there will be no undue delay and there will be very little impact on the judicial proceedings; (c) Defendants' failure to file the Motion for Abstention in the proper case, while sloppy, is excusable under the circumstances of this case; and (d) the Defendants acted in good faith and attempted to remedy this error as soon as they became aware of the mistake.

(Order Granting Mot. Relief from Order (Docket No. 30).) Other than that order, the remainder of orders in the adversary proceeding were merely scheduling in nature.

A second motion for stay and other relief underlying the two present motions for recusal relates to Community Choice Credit Union ("Car Creditor") and its interest in a 2003 Nissan Altima.[2] As in the adversary proceeding, that motion produced a number of filings, and initially resulted in an order of November 15, 2011, lifting the stay. In that order coming after briefs and a hearing and the matter taken under advisement, the Court made every effort to address the issues raised by Debtor, and concluded by stating:

> The Court finding that there is sufficient cause to grant relief from the automatic stay in this case; As noted above, the amount owing to Creditor being $4,320.18 and the value of the vehicle being $3,300; Debtor having failed to make numerous payments, having made late payments, and having had numerous payments dishonored over the

---

[2]At the time that the Car Creditor filed its motion for relief, the subject car was apparently owned by Debtor. In a subsequent motion still pending, the Car Creditor indicates that ownership has since been wrongfully transferred to a third-party. (Mot. Compel Return Collateral &/or Revoke Debtor's Discharge (Docket No. 58).)

3

course of the loan; Further, Debtor having failed to prove that the "International Bill of Exchange" was legitimate legal tender or that she accomplished a valid accord and satisfaction; Now therefore;
**IT IS HEREBY ORDERED** that Creditor's Motion to Terminate Automatic Stay (Docket No. 27) is **GRANTED**.

(Order Granting Relief from Stay (Docket No. 50.)

There followed an order dated November 29, 2011, denying Debtor's motion for reconsideration of the above order granting relief from stay. In the order denying reconsideration, the Court first struck the Car Creditor's response to the motion for reconsideration, given that LBR 9024-1(a)(2) precluded its filing. At the same time, the Court refused to grant to Debtor any requested sanctions for the violation of that local rule, and then explained its basis for denying Debtor's motion for reconsideration:

> The Court having reviewed Debtor's Motion for Reconsideration and the affidavits and exhibits Debtor submitted in support of said Motion; The Court having reviewed each of the asserted errors of fact and law and having concluded that none of them meet the standard required by L.B.R. 9024-1(a)(3), which provides, as follows . . . .
> The Court having concluded that Debtor has failed to identify any palpable defect by which the Court and the parties were misled, the correction of which requires a different disposition of this case; Debtor's Motion for Reconsideration instead relying on facts which Debtor considers to be relevant, all of which appear to have been known by Debtor prior to the evidentiary hearing; The Court having held said evidentiary hearing, at which the parties had an opportunity to admit exhibits and evidence; The Court having listened to the testimony offered, assessed the witnesses' credibility, and taken all of their testimony into consideration in making its findings; Debtor having had a full and fair opportunity to introduce whatever evidence she thought was relevant to the disposition of the issues at the evidentiary hearing; The Court having concluded that none of the facts or legal arguments that were raised in Debtor's Motion for Reconsideration would in any way have resulted in a different disposition in this case; The Court having concluded that its Order of November 15, 2011 was correct and that Debtor's Motion for its

4

> reconsideration does not meet the standard of L.B.R. 9024-1(a)(3);
> Now therefore,
> **IT IS HEREBY ORDERED** that Debtor's Motion for Reconsideration (Docket No. 51) is **DENIED**[.]

(Order Den. Mot. Recons. Order Granting Relief from Stay, Granting Debtor's Mot. Strike Creditor's Resp. Mot. Recons., and Denying Debtor's Mot. Sanctions (Docket No. 56).) Debtor did not appeal the indicated orders.

The foregoing recites what the Court discerns is the basis of and led to the present motions to recuse. As a result of those motions, the Court adjourned certain pending litigation in both the chapter 7 bankruptcy and adversary proceeding, which it would appear at least consist of the following:

Chapter 7 Bankruptcy Matters

(A)  The Mortgage Creditor's Motion for Relief from Stay and Waiving the Fed.R.Bankr.P. 4001(a)(3) (Docket No. 14);
(B)  The Car Creditor's Motion to Compel Return of Collateral and/or to Revoke Debtor's Discharge Pursuant to 11 U.S.C. § 727(d)(3 ) (Docket No. 58);
(C)  Debtor's Motion for Sanctions under Fed.R.Civ.P. 11 against Attorney Tamara D. Pearson [representing the Car Creditor] for Filing Bad Faith, Malicious Legal Pleadings (Docket No. 61); and
(D)  Debtor's Motion to Strike Docket No. 65 to Fed.R.Civ.P. 12(f) [the Car Creditor's response to Debtor's motion to recuse] (Docket No. 69).

Adversary Proceeding Matters

(A)  Debtor's Motion for Summary Judgment (Docket No. 4);
(B)  The Mortgage Creditor's Corrected Motion to Abstain (Docket No. 17); and
(C)  Debtor's Motion for Sanctions under Fed.R.Civ.P. 11 against Attorney Patrick C. Lannen [representing the Mortgage Creditor] for Filing Frivolous, Deceptive Legal Pleadings (Docket No. 50).

At the conclusion of the hearing on the recusal motions, the Court stated on the record that it was denying said motions due to the absence of an alleged personal bias and extrajudicial conduct, and that it would render a written opinion to follow. This is that opinion.

## DISCUSSION

28 U.S.C. §§ 455 and 144 are the two arguable statutes affording the bases on which a bankruptcy judge can be disqualified. In re Desilets, 268 B.R. 516, 520 n.4 (Bankr. W.D. Mich. 2001) (J. Gregg). Debtor only specified § 455 in her motion, but, at the same time, she provided an affidavit consistent with a § 144 action. Section 455 makes its way to bankruptcy proceedings via the face of Fed.R.Bank.P. 5004, and accordingly, its applicability to bankruptcy proceedings is without question. Section 144, however, does not share the same Black Letter ties as § 455. As a result, views from within the Sixth Circuit as to § 144 and its applicability are not so clear. E.g., compare Desilets, 268 B.R. at 520 n.4, with Clippard v. Russell (In re Russell), 392 B.R. 315, 357 (Bankr. E.D. Tenn. 2008) (citations omitted). For reasoning provided *infra*, the circumstances do not require the Court to take a position either way.

Section 455(a) provides, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) further adds, "He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." As for § 144, it states, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "The difference between § 144 and § 455 is that § 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint."

6

Easley v. Univ. Mich. Bd. of Regents, 853 F.2d 1351, 1356 (6th Cir. 1988) (quotation and citation omitted).

Under both sections of Title 28, "[t]he movant has the burden of convincing the court that a reasonable person would find that the bias exists." Consolidated Rail Corp. v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999) (citation omitted). "The critical test is whether the alleged bias stems from an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (internal quotation marks and citation omitted). As so often phrased differently, "Disqualification under both sections [455 and 144] must be predicated upon extrajudicial conduct rather than on judicial conduct, and upon a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." See e.g., Yashinsky, 170 F.3d at 597 (internal quotation marks and citations omitted).

Here, there is no allegation whatsoever pertaining to extrajudicial conduct and personal bias on the Court's part, which undercuts an action under either § 455 or § 144. Not only is the Court unaware of any, none can be fairly gleaned from either motion. At the hearing held on February 10, 2012, the Court initially advised Debtor of the above cited standard and case law, and asked her to identify the extrajudicial conduct and personal bias on which she relied.

In response, Debtor first cited an alleged *ex parte* contact between Judge Shapero and Attorney Patrick Lannen in the adversary proceeding. The essential relevant background of the adversary proceeding is that prebankruptcy Debtor had filed an action in the United States District Court against some or all of the Mortgage Creditors, primarily seeking various relief from a claimed invalid foreclosure proceeding. Debtor then filed her bankruptcy case and thereafter removed the

7

District Court case to the bankruptcy court, and also filed a new adversary proceeding complaint paralleling that in the already removed case. The status of her case in the District Court at the time was essentially that the parties were waiting for a report and recommendation from the magistrate judge to whom it had been referred, on Debtor's request to amend her District Court complaint. As part of its routine procedure in a removed case, this Court set a status conference for August 25, 2011, at 2:00 p.m., the primary purpose of which is to discuss scheduling and associated matters in a removed case under Fed.R.Bankr.P. 9027 as well as scheduling of pending or anticipated motions or proceedings. Soon after issuance of the notice of that conference, the Mortgage Creditors moved to dismiss and/or to remand, and Debtor then filed an amended complaint. It is that August 25, 2011, scheduling conference to which Debtor is referring. It was held in chambers. Debtor said she was waiting down the hall outside the Courtroom and then, when she realized it was going to be held in chambers, she went there. Because she had not appeared promptly, and the Court was unaware Debtor was down the hall, the Court had asked to speak to the attorney for the Mortgage Creditors who had arrived promptly. A few minutes thereafter, Debtor arrived and was shown in. Any minimal conversation that may have occurred before she arrived was repeated, actually a number of times in her presence, and the status conference proceeded to its conclusion, resulting in the issuance of the following order:

### PRELIMINARY SCHEDULING ORDER

> This case having been pending in District Court under case # 2:11-cv-11087; the Plaintiff having removed same to the Bankruptcy Court but thereafter having sought to withdraw that removal and as a result thereof the District Court having dismissed the case in the District Court, without prejudice; it being the situation by reason thereof that at the moment there is no case pending in the District Court; the Bankruptcy Court having held a status conference on the basis that irrespective of the foregoing the case is considered

8

> to be now pending in the Bankruptcy Court as an adversary proceeding; the Court and the parties desiring that it proceed toward adjudication in the appropriate forum and in a timely fashion;
>
> IT IS THEREFORE HEREBY ORDERED as follows:
>
> 1. Defendants shall have up to and including September 9, 2011, within which to newly move for abstention under 28 USC 1334(c)(1) or (2) or to otherwise return or remand the proceeding to the District Court; and if such is timely done it will be responded to and be dealt with in accordance with applicable rules and procedures; and, incident thereto, the time within which Defendants are required to answer or otherwise plead to Plaintiff's Amended Complaint (being #11 on the Bankruptcy Court Docket) is extended until 20 days after entry of an order disposing of said motion;
>
> 2. If Defendants do not timely so move, then within 20 days after September 9, 2011 they shall file an answer, or otherwise plead, to Plaintiff's said Amended Complaint[.]

Regardless of how Debtor might characterize it, it is a scheduling order developed and entered within the context of the subject judicial proceedings, and the stated purpose of the scheduling conference and in the presence of Debtor, and in fact one that, if anything, can be seen as favoring Debtor's positions and desire to continue the proceedings expeditiously.

For her second example, Debtor directed the Court's attention to her July 5, 2011, filed motion for summary judgment in the adversary proceeding. She claims that bias is observable in the Court's failure to have ruled on her said motion, because the Mortgage Creditor did not file a timely response. Debtor filed an untimely but nevertheless accepted brief in support of her motion on November 16, 2011. On November 30, 2011, the Court entered an order requiring a response to the summary judgment motion by a date certain and setting a hearing on the motion for January 12, 2012. The Mortgage Creditors timely filed their response to the summary judgment motion on December 20, 2011. On January 3, 2012, Debtor filed a motion to adjourn that January 12th hearing,

9

and thereafter it was adjourned to February 2, 2012. Debtor's recusal motions were filed on February 1, 2012, resulting in a necessary deferral of the hearing on the summary judgment motion. From the foregoing it can be seen that initially Debtor's own action delayed any hearing on her summary judgment motion, a hearing which then needed to be deferred because of her filing of her recusal motion. It is a fact that as it stood at the time of the filing of the recusal motion, the summary judgment motion had not yet, for those reasons, been heard, let alone decided. Debtor's complaint based on the Court's failure to have previously ruled on that motion, must thus perforce fall on deaf ears, and does not even come close to being a legitimate basis for recusal.

Nothing in those two examples remotely consists in any manner of conduct extrajudicial in nature. Debtor's recusal motions do not contain reference to any other facts or instances. There is no allegation of bias (let alone any credible one) arising from the undersigned's background and association. Rather, as noted those examples and the motions themselves are limited to issues emanating from the judicial administration of matters arising in these cases, from which no appeals were taken. From no where else is bias averred or can it be otherwise reasonably gleaned. Essentially it would appear Debtor has issues with certain of the Court's rulings in this case which she perceives, and in fact in some case it is true, as going against her. She appears to be essentially equating being on the losing side of an argument as evidencing personal bias and prejudice or otherwise requiring recusal. As noted, as a matter of law as well as her lack of proof, the Court concludes she must be found to be on the losing side of that particular argument as well.

As Debtor has clearly not carried her burden of convincing the Court that an objective person would conclude the presence of any personal bias toward her and/or anything relating to her case or that any of the conduct referenced is extrajudicial, both of Debtor's motions are denied. The

10

Court is concurrently entering an order to that effect. In addition, the Court will be promptly issuing a scheduling order relative to the above noted matters that have been adjourned pending this opinion.

**Signed on February 17, 2012**

                                                      **/s/ Walter Shapero**
                                       **Walter Shapero**
                                       **United States Bankruptcy Judge**