UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RACHEL CASSIEL WHEELER,

    Debtor.
_____/

Case No. 11-56761
Chapter 7
Hon. Walter Shapero

RACHEL CASSIEL WHEELER,

    Plaintiff,

v.

WELLS FARGO & CO., *et al.*,

    Defendants.
_____/

Adv. Pro. No. 11-05899

## OPINION SUPPLEMENTING BENCH OPINION GRANTING MOTION FOR ABSTENTION (Docket No. 17)

On March 15, 2012, this Court ruled from the bench granting the motion for abstention pursuant to 28 U.S.C. § 1334(c)(1). This opinion supplements that ruling.

The following is the relevant procedural background of this adversary proceeding:

(1) On June 16, 2011, Rachel Wheeler ("Plaintiff") filed a chapter 7 petition in this Court (Case No. 11-56761).

(2) At the time, there was pending in the United States District Court for the Eastern District of Michigan an action by Plaintiff to set aside a foreclosure involving her residence (Case No. 11-11087), which was originally filed on March 16, 2011; on June 24, 2011, Plaintiff removed that case to this Court.

(3) Contemporaneously, Plaintiff filed in this Court a document entitled "Complaint" and also a second complaint instituting this adversary proceeding (Case No. 11-5899).

(4) In both complaints, Plaintiff seeks similar relief – to set aside a residential foreclosure for real property that she formerly owned at 16330 Edwards, Southfield, Michigan 48076 ("Property") – on similar grounds – as a result of alleged defects in the foreclosure by advertisement process of the mortgage that formerly encumbered the Property. The basic timeline is that the sheriff's sale occurred in August of 2010 and the equity of redemption was to expire on or about the date Plaintiff initially filed the referred to District Court case.

(5) On July 8, 2011, after Plaintiff amended her schedules to disclose the complaints, and after the conference under 11 U.S.C. § 341, the trustee in the chapter 7 case, Gene Kohut ("Trustee"), filed a notice of no assets and no distribution; stating he made a diligent inquiry into the financial affairs of Plaintiff and the location of any property belonging to the estate, and that despite those efforts, there is no property available for distribution from the estate over and above that exempted by law. This report was certified in connection with Fed.R.Bankr.P. 5009, and the Trustee has thus represented to the Court that Plaintiff's estate has been fully administered. The Trustee also then requested to be discharged from any further duties as trustee and the case be closed.

(6) Insofar as the status of Plaintiff's District Court case is concerned, that Court noted its removal to this Court, and Plaintiff asserts that she voluntarily dismissed that

case. The docket of that case so reflects Plaintiff's assertion in an order dated August 16, 2011 (Docket No. 22):

> **Order Accepting Plaintiff's Voluntary Dismissal**
>
> This matter came before the Court on Plaintiff Rachel Cassiel Wheeler's notice to voluntarily dismiss her case. . . . Plaintiff has filed the required notice, seeking dismissal due to her filing for Chapter 11 bankruptcy. Defendants have filed a motion to dismiss, but have not filed an answer or a motion for summary judgment. Although her bankruptcy proceeding automatically stays any judicial proceedings pursuant to 11 U.S.C. § 362(a)(1), Plaintiff still has the ability to voluntarily dismiss this case without violating that stay. The Court recognizes that, here, Plaintiff is the one who has filed for bankruptcy and now she is seeking to voluntarily dismiss her suit against Defendants . . . . [T]he Court . . . therefore GRANTS her request and DISMISSES this case WITHOUT PREJUDICE.

(Citations omitted.)

28 U.S.C. § 1334(c)(1) provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

This is the so-called permissive abstention statute, as opposed to the mandatory abstention provision of § 1334(c)(2). By its terms it is somewhat broader, because by its very language it covers a particular proceeding "arising under title 11 or arising in or related to a case under title 11." Thus even a core proceeding is subject to permissive abstention.

The factors a court is to consider and weigh in deciding permissive abstention have been well and often articulated. See, e.g., Bavelis v. Doukas (In re Bavelis), 453 B.R. 832, 881-82 (Bankr.

3

S.D. Ohio 2011). In this case, the indicated facts show that (1) not granting abstention will have an adverse effect on the administration of the bankruptcy estate since for all intents and purposes it is fully administered and ready to be closed; (2) state law issues predominate and indeed may be the only issues; (3) the outcome is remote to the main bankruptcy case; (4) this Court has a heavy docket; (5) there is a considerable likelihood, given the recited procedural history, that forum shopping is involved; (6) though it is not clear, there might be a jury trial right, to the extent the issues are other than pure legal ones; (7) there are present in this proceeding a fair number of non-debtor parties; and (8) if state law is not settled on the relevant issues, it is at the very least the subject of a number of state court cases interpreting that law and public policy considerations favor having those issues settled by those courts, see, e.g., Residential Funding Co. v. Saurman, 805 N.W.2d 452 (Mich. 2011) and Piotrowski v. State Land Office Bd., 4 N.W.2d 514 (Mich. 1942).[1]

Both complaints essentially seek to set aside a foreclosure sale that was completed under Michigan's foreclosure by advertisement statute, MCL § 600.3201, *et seq*. Disposition of those issues are not issues of bankruptcy law. No claim or issue in either of the complaints even mentions the Bankruptcy Code or any relation of the Bankruptcy Code as bearing on the stated causes of action. This Court has no unique knowledge that will help adjudicate such proceeding. In contrast, whether the foreclosure sale of the Property should, or could, be set aside is an issue that turns

---

[1] There are also many federal district court cases that have rendered decisions in this area of the law. See, e.g., Kama v Wells Fargo Bank, 2010 U.S. Dist. LEXIS 115543 (E.D. Mich. 2010) and Smith v. Wells Fargo Home Mortgage, Inc., 2010 U.S. Dist. LEXIS 133957 (E.D. Mich. 2010). In that regard, it might also be noted that this Court, while it is not in any way ruling on the merits of Plaintiff's claims, does note that in situations where it has had to rule on similar claims, mostly in the context of lift stay motions, it has pointed to holdings of the state courts to the effect that one attacking a foreclosure by advertisement sale procedure may be prejudiced in attempting to do so if, as in this case, one waits until the eve of the expiration of the redemption period before taking any action, i.e., such actions must be more timely brought.

exclusively on the application of § 600.3201, *et seq.*, and state law. Thus, it makes much more sense to defer to those Courts closest to, and most familiar with, the operative statute and applicable law.

Thus, substantially all of the factors (and certainly the predominant ones) this Court should consider weigh in favor of abstention. Accordingly, the Court grants the motion.

```
Signed on March 16, 2012
             /s/ Walter Shapero
         Walter Shapero
         United States Bankruptcy Judge
```